IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No: 3:17-cr-00044 |
| | ) | Chief Judge Crenshaw |
| PATRICK DANE FALTE | ) | |

## POSITION OF THE GOVERNMENT
## REGARDING PRESENTENCE REPORT

The government has reviewed the revised pre-sentence report prepared for defendant Patrick Falte and has one substantive objection to calculation of the Sentencing Guidelines, which was communicated to the Probation Officer on July 19.

**Government Objection**

Paragraph 59 increases the offense level by only 2 under U.S.S.G. §2G2.2(b)(3)(F) for knowingly engaging in distribution. The offense level should instead be increased by 5 levels under U.S.S.G. §2G2.2(b)(3)(B) for distribution "in exchange for any valuable consideration, but not for pecuniary gain." This guideline was amended in 2016. According to the application notes, this means "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornography material, preferential access to child pornography material, or access to a child." U.S.S.G. §2G2.2 note 1. The Sixth Circuit, in *United States v. Oliver*, 919 F.3d 393 (6th Cir. 2019), established a four-factor test for determining whether the amended §2G2.2(b)(3)(B) applies:

> the defendant: (1) agreed—either explicitly or implicitly—to an exchange with another person under which (2) the defendant knowingly distributed child pornography to that other person (3) for the specific purpose of obtaining something of valuable consideration (4) from that same other person.

1

*Id.* at 403. It is not required that the defendant actually have received the valuable consideration he sought to obtain. *Id.* at 403–04.

That test is met here. First, Website A—the Giftbox Exchange, a site that the defendant created on the dark web specifically for the exchange of child pornography—is a quintessential example of an agreement to an exchange of child pornography with other people. Membership in Website A was contingent on members making an application post depicting child pornography. This rule was laid out by the defendant Falte as the administrator:[1]



The rules explicitly required other members distribute child pornography—and a specific type of child pornography at that: "pre-teen . . . where the child is performing a sexual act." And the rules were enforced—members who did not contribute were demoted, again, as explained by the

---

[1] The screenshots from the Giftbox Exchange are redacted to hide child pornography and other depictions of minor children.

defendant himself:



By setting up this system that required continued posting of child pornography, Falte made clear requests for child pornography. Second, Falte knowingly distributing child pornography to other members of Website A by making posts on Website A that met these requirements—he pleaded guilty to making at least three such posts which are identified in the indictment. Finally, Falte's purpose—as demonstrated by the rules he set up—is to obtain child pornography posted by those other members that he is distributing child pornography to. *See id.* at 404 ("because an implicit agreement is, necessarily, inferred from the parties' actions or comments, the defendant's intention is a significant indicator that he understood an agreement was in place."). For example, he expressed appreciation when co-defendant Faulkner posted child pornography depicting a toddler girl being penetrated by an adult male's finger:



At the very least, this arrangement constitutes an implicit agreement to exchange child pornography among members of Website A.

The Sixth Circuit in *Oliver* cited two cases applying the enhancement that are instructive here. First, in *United States v. Taylor*, the district court applied the enhancement where the defendant had entered a chatroom labeled "young taboo trade" and distributed child pornography in response to another user's request to trade. No. 2:18-CR-7, 2018 WL 3945937, at *6 (E.D. Tenn. Aug. 16, 2018). And in *Cameron v. United States*, another district court applied the enhancement where the defendant "informed another user that the new application was 'better for trading pictures,' expressed approval of the materials he [the defendant] received, and then posted his own materials to the application." No. 1:17-cv-00275-JAW, 2018 WL 5801535, at *6–8 (D. Me. Nov. 6, 2018) (alteration in original). Similarly, in this case, the defendant set up a website forum—akin to the chatroom in *Taylor* or the application in *Cameron*—dedicated to trading child pornography, established rules and regulations to require and facilitate the exchange of child pornography, and posted child pornography to the forum in accordance with those rules. The fact that the defendant here made the agreement to exchange child pornography with hundreds of people rather than just one individual supports the application of the enhancement, rather than undermines it.

Based on the previous objection, the adjusted offense level in paragraph 67 should be 49.

The greater of the adjusted offense levels in paragraph 68 should therefore be 49, and the total offense level in paragraph 72 should be 46.

**Defense Objections**

The Court should overrule the defendant's objection regarding the aggravating role enhancement as applied to Counts 4 through 9. His advertisement and distribution of child pornography were part of—indeed, integral to—his participation in the criminal enterprise. Contrary to defendant's assertions, the defendant did not commit this offense alone. Of course distributing and advertising child pornography on Website A involved other participants—the thousands of Website A members to whom he advertised and distributed the child pornography. The 4-level enhancement should apply to all counts of conviction.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney

s/ *Lauren E. Britsch*
LAUREN E. BRITSCH
Trial Attorney
Child Exploitation & Obscenity Section
Criminal Division, U.S. Dep't of Justice

S. Carran Daughtrey
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the above styled pleading with the clerk of the court on July 26, 2019, by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                        s/ *Lauren E. Britsch*
                                        LAUREN E. BRITSCH